UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
NEW ANGLE PET PRODUCTS, INC.,

                             Plaintiff,

- against -

MACWILLIE'S GOLF PRODUCTS, INC.
d/b/a PETCREW,

                             Defendant.
---------------------------------X

**MEMORANDUM & ORDER**
06-CV-1171 (DRH) (WDW)

**APPEARANCES:**
**WECHSLER & WECHSLER, P.C.**
Attorneys for Plaintiffs
1 Barstow Road
Great Neck, New York 11021
By: Robert E. Wechsler, Esq.

**DOWNS RACHLIN MARTIN PLLC**
Attorneys for Defendants
28 Vernon Street, Suite 501
Brattleboro, Vermont 05302
By: R. Bradford Fawley, Esq.

**HURLEY, Senior District Judge:**

## *INTRODUCTION*

Plaintiff New Angle Pet Products, Inc. ("Plaintiff") brings this suit against MacWillie's Golf Products, Inc. d/b/a Petcrew ("Defendant") alleging false advertising under United States trademark law. Defendant move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). For the reasons that follow, Defendant's motion is denied.

## *BACKGROUND*

Unless otherwise indicated, the Court derives the following factual summary from the Amended Complaint and affidavits submitted by the parties.

Plaintiff is a corporation organized under the laws of New York, with its principal place of business in Great Neck, New York. Since approximately August 2000, Plaintiff has had the exclusive rights to promote and sell portable pet water dispensers incorporating the following design: "a hinged attachment of a bottle to a water pan which allows attached pivoting of the water pan relative to the bottle so that the water pan may be hinged, i.e. 'flipped down', to initiate use." (Am. Compl. ¶ 5.) Plaintiff has sold such a portable pet water dispenser under the trademark "Gulpy" since approximately April 2001.

Defendant is a corporation organized under the laws of California with a principal place of business in Los Angeles, California. Defendant sells a product line known as "Handi-Drink" which does not have an attached hinged water pan. Instead, Defendant's product has a detachable water pan that must be completely removed from the bottle and then reattached.

According to Plaintiff, Defendant operates two websites – www.handi-drink.com and www.petcrew.net – which permit viewers to order Defendant's advertised pet products on-line. Plaintiff alleges that the websites' instructions on the use of the Handi-Drink begin with the phrase: "Simply extend the water pan . . . ." (Am. Compl. ¶ 8.) Plaintiff also alleges that the websites contain "'unsolicited accolades'", including one which references Defendant's product as "'the flip-down water pan.'" (*Id.*) Plaintiff claims that the statements contained on Defendant's website advertisements are false and misleading in that they cause the general public to believe that Defendant's product contains the attached hinged water pan found in Plaintiff's Gulpy. As a result, Plaintiff alleges that it "has suffered loss of sales and lost customers in the New York market due to Defendant's false advertising on its Internet websites." (Decl. of Lawrence I. Wechsler, dated Aug. 16, 2006 ("Wechsler Dec."), ¶ 14.)

It is undisputed that Defendant has no physical presence in New York. Plaintiff

has submitted the declaration of its President, however, who alleges on information and belief that Defendant sells pet products, including the Handi-Drink product, to All Pet Distributors, Inc. located in Brentwood, New York. (Wechsler Decl. ¶ 7.) This distributor in turn supplies Defendant's pet products to Petland Discounts, Inc., which operates a chain of over 110 retail pet stores in New York. (*Id.*) Plaintiff's President also claims, on information and belief, that Defendant sells products to C & K Distributors, located in Glendale, New York, which supplies Defendant's pet products to numerous retail pet stores in New York. (*Id.* ¶ 8.) Finally, Plaintiff's President contends that Defendant solicits sales of its pet products, including the Handi-Drink product, through advertisements in trade publications such as *Pet Product News International*, *Pet Age*, and *Pet Business*, each of which have national circulation, including a substantial circulation in New York. (*Id.* ¶ 12.)

> Defendant contends that its contacts with New York are as follows:
>
> At most, from its California facility, [Defendant] has filled limited orders for the "Handi-Drink" submitted by New Yorkers to [Defendant] in California. The total gross sum of such orders since the alleged initiation of sales of "Handi-[D]rink" in June 2005 is approximately $8,000 and includes only two Internet sales consisting of a total of $32.97.

(Def.'s Mem. at 3 (citation omitted).)

Defendant has moved to dismiss the Amended Complaint on the ground that the Court lacks personal jurisdiction over it. Plaintiff asserts that personal jurisdiction is proper under sections 302(a)(1), 302(a)(3)(i) and 302(a)(3)(ii) of New York's long arm statute. Because the Court finds jurisdiction proper under section 302(a)(1), Defendant's motion to dismiss for lack of personal jurisdiction is denied.

## DISCUSSION

**I.**  *Rule 12(b)(2) Standard*

When served with a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant.  *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  Prior to discovery, a plaintiff may carry this burden "'by pleading in good faith . . . legally sufficient allegations of jurisdiction,' i.e., by making a 'prima facie showing' of jurisdiction."  *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  "A plaintiff can make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant."  *Whitaker*, 261 F.3d at 208 (citations and internal quotation marks omitted).  "Where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor."  *Id.* (citations and internal quotation marks omitted).

In diversity cases, a court exercises personal jurisdiction over a party in accordance with the law of the forum state, subject to the requirements of due process under the United States Constitution.  *See id.*  Here, Plaintiff contends that Defendant is subject to jurisdiction under various provisions of New York's long-arm statute, viz. C.P.L.R. §§ 302(a)(1), 302(a)(3)(i) and 302(a)(3)(ii).  Because the Court finds that Defendant is subject to jurisdiction under § 302(a)(1), the Court need not, and does not, address Plaintiff's other arguments.

**II.**  *Section 302(a)(1) - Transaction of Business in New York*

N.Y. C.P.L.R. § 302(a)(1) states that "a court may exercise personal jurisdiction

4

over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). With regard to the "transaction of business" prong, it is well established that a party need not be physically present in the state at the time of service in order for the court to obtain personal jurisdiction. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999). "Rather, § 302(a)(1) extends the jurisdiction of New York state courts to any nonresident who has purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *Id.* (citation and internal quotation marks omitted). Section 302(a)(1) is a "single-act statute requiring but one transaction-albeit a purposeful transaction-to confer jurisdiction in New York." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005). "Moreover, where there is a showing that business was transacted, there must be a "substantial nexus" between the business and the cause of action." *Id.*; *see also Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 23 (2d Cir. 2004) ("A cause of action 'arises out of' a defendant's transaction of business in New York for purposes of Section 302(a)(1) when there exists an 'articulable nexus' or a 'substantial relationship' between transactions occurring within the state and the cause of action sued upon.") (citation and internal quotation marks omitted).

When a website "passively" provides information accessible to any person browsing the internet, the website operator has not purposefully availed itself of New York. *See Citigroup Inc. v. City Holding Co.,* 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000); *see also National Football League v. Miller*, 54 U.S.P.Q.2d 1574, 1575 ("It is now established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit.") (citing *Bensusan Rest. Corp. v. King*, 126 F.2d 25,

5

29 (2d Cir. 1997)). However, the requirements of 302(a)(1) may be met when a website is interactive and allows a user to submit an on-line order. *See Miller*, 54 U.S.P.Q.2d at 1575; *see also Rubin v. City of New York,* No. 06 Civ. 6524, 2007 WL 950088, at **2-3 (S.D.N.Y. Mar. 29, 2007) (finding personal jurisdiction over plaintiff in trademark infringement case where plaintiff "transacted business with New York residents over an 'active' website where customers from New York purchased allegedly infringing merchandise"); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988, 2007 WL 725412, at *5 (S.D.N.Y. Mar. 12, 2007) (personal jurisdiction appropriate where misleading information on defendants' website allegedly induced New York residents to enter into on-line transactions to purchase infringing products; jurisdiction premised on one order for three cartons of cigarettes); *Alpha Int'l, Inc. v. T-Reproductions, Inc.*, No. 02 Civ. 9586, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003) (finding personal jurisdiction where defendant sold "at least one accused product to a New York resident through its website"); *Mattel, Inc. v. Adventure Apparel*, No. 00 CIV. 4085, 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001) ("Here, [a New York private investigator] ordered allegedly infringing merchandise from Adventure over its web site, using his credit card, and Adventure shipped that merchandise into New York. This activity not only involved the exchange of payment and shipping information but, moreover, was a commercial transaction that was actually consummated on line. These activities were sufficient to bring Adventure into the category of a defendant 'transact[ing] any business,' via the internet, in New York within the meaning of N.Y. C.P.L.R. § 302(a)(1).").

Here, Defendant's websites enable the viewer to purchase the Handi-Drink product on-line by providing payment and shipping information. They also provide an e–mail address, phone number, and facsimile number as contact information. Thus, the websites are

6

interactive as they permit the exchange of information between users in another state and Defendant. *See Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000) ("Generally, an interactive website supports a finding of personal jurisdiction over the defendant.").

Defendant concedes that its California facility has filled orders for the Handi-Drink submitted by New York residents generating $8,000 in gross revenue, including two internet sales consisting of a total of $32.97. In addition, there is an "articulable nexus" between Plaintiff's claims of false advertising and Defendant's on-line internet business because the alleged false advertising was displayed on Defendant's websites where the on-line orders were submitted. Under these circumstances, the Court finds that Defendant's internet sales of its Handi-Drink product to consumers in New York provide a sufficient basis for the exercise of long-arm jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302(a)(1).[1]

**C.     Due Process**

The Second Circuit has summarized the due process requirements for exercising personal jurisdiction over foreign defendants:

> The due process clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant with whom it has certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In determining whether minimum contacts exist, the court considers the relationship among the defendant, the forum, and the litigation. To establish the minimum contacts necessary to justify specific jurisdiction, the plaintiff first must show that his claim arises out of or relates to defendant's

---

[1] Although Plaintiff also alleges that Defendant solicits sales of its pet products through advertisements in national trade publications, Plaintiff has made no claim that these advertisements were misleading in any way. Instead, Plaintiff's claim appears to be based solely upon the alleged misleading internet advertisement.

7

> contacts with the forum state. The plaintiff must also show that the defendant purposefully availed himself of the privilege of doing business in the forum state and that the defendant could foresee being haled into court there. If the plaintiff satisfies these requirements, the court also considers whether the assertion of jurisdiction comports with traditional notions of fair play and substantial justice - that is, whether it is reasonable under the circumstances of a particular case.

*Chew v. Dietrich*, 143 F.3d 24, 28 (2d Cir. 1998) (original alterations, citations and internal quotation marks omitted).

Here, the alleged false advertising was viewable on Defendant's two websites, which were capable of accepting on-line orders. At least two orders were consummated on these sites with New York residents. In addition, Plaintiff alleges, and Defendant does not deny, that Defendant sells pet products, including the Handi-Drink, to New York distributors which in turn supply Defendant's products to numerous pet stores within New York. In fact, Defendant admits that it has received approximately $8,000 in gross revenue from sales of the Handi-Drink to New York residents, $32.97 of which is from internet sales. By virtue of these business activities in New York, Defendant has purposefully availed itself of the privilege of conducting business in New York and should have reasonably anticipated being sued here. *See Mattel,* 2001 WL 286728, at *4 (holding that a single internet sale to a forum state resident satisfied the due process requirement in a trademark infringement case); *Hsin Ten,* 138 F. Supp. 2d at 457 (displaying allegedly infringing trademark on website used to sell products to forum state residents satisfied due process requirement). Thus, the exercise of jurisdiction over Defendant does not offend the traditional notions of fair play and substantial justice.

## *CONCLUSION*

For the foregoing reasons, Defendant's motion to dismiss for lack of personal

jurisdiction is DENIED.

    SO ORDERED

Dated: Central Islip, New York
       June 28, 2007

/s/
Denis R. Hurley,
United States District Judge